UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HUEY P. GARDNER | CIVIL ACTION NO. 12-cv-1917 |
| VERSUS | JUDGE STAGG |
| CADDO PARISH, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Huey P. Gardner, a self-represented plaintiff, filed four civil actions (12-cv-1914, 12-cv-1915, 12-cv-1916, and 12-cv-1917), which all generally relate to his recent incarceration at the Caddo Correctional Center. He complained in a letter to the court that he needed to file documents required by the court, but he was denied access to the courthouse and the clerk of court's office on September 21, 2012 because he did not have government-issued photo identification ("ID"). Mr. Gardner did not represent that he lacked an ID. Rather, he merely complained that one should not be required. The Shreveport district judges met after the letter was received, discussed the issue, and voted that Mr. Gardner be required to produce ID to enter the courthouse, as is every other visitor. That policy was enforced on Mr. Gardner's later visits.

Mr. Gardner now presents a Motion for Injunctive Relief in which he demands he be allowed to (1) enter the courthouse without the need to present ID and (2) enter the courthouse with a cell phone. It is recommended, for the reasons that follow, that the motion be denied.

The United States Marshal's Service and the Secretary of Homeland Security are charged by Congress with protecting the federal courts. After the events of September 11, 2001, a policy was implemented that requires the marshal to perform a photo identification check of all persons who seek access to federal courthouses. Some persons have filed suit and insisted on a constitutional right to enter a federal court anonymously, or raised other challenges related to the policy, but the courts have rejected the suits. <u>See</u>, <u>e.g.</u>, <u>Foti v. McHugh</u>, 247 Fed. Appx. 899 (9th Cir. 2000) (district court properly dismissed ID-challenge lawsuit because persons entering courthouse do not have a constitutional right to do so anonymously) and <u>Haas v. Monier</u>, 2009 WL 1277740, *6 (D. N.H. 2009) (dismissing similar challenge and noting that "[s]everal courts have upheld such restrictions.").

A law student who entered a courthouse alleged in a complaint that the ID requirement violated the Fourth Amendment. The court dismissed the complaint as frivolous, noting that (1) the governmental interest in safeguarding courthouses is paramount, (2) the public is subject to inspection while in the courthouse, and (3) a request by marshal for identification is a reasonable and limited measure to ensure that courthouse security is maintained. <u>Bensam v. Bharara</u>, 2012 WL 3860029 (S.D. N.Y. 2012). The undersigned agrees with the decisions that have upheld the ID requirement.

Mr. Gardner complains that a government-issued identification has a fee associated with it and that some persons will not be able to afford the fee. (He does not claim that he cannot afford an ID.) He asks: "How will they access the courts if they can't get in the building?" Their right of access to the courts is not impeded. Prisoners who are locked away

for life in distant locations routinely access this court by using the United States Postal Service to mail filings. Mr. Gardner may mail his filings if he lacks an ID. Unlike prisoners, Mr. Gardner may also take advantage of the drop box located on the front of the courthouse where he may time-stamp and file documents at any time. He does not need to enter the building to use the drop box, so no ID is required. On the day in September when Mr. Gardner first sought access to the courthouse without an ID, the Clerk of Court's office was closed for an annual seminar, so he would have had to use the drop box if he wished to file anything that day.

Mr. Gardner also demands that he and any other person who enters the courthouse be allowed to possess a cell phone. Standing Order 1.93, adopted by the judges of the Western District of Louisiana, governs possession and use of electronic devices in the courthouses in this district. It provides that no electronic device, including cellular phones, may be brought into or used in any courthouse in the district by visitors without the prior approval of a judge of this court, subject to certain exceptions. Those exceptions are for employees of the government with official business in the courthouse, attorneys in good standing who have business with the court, and witnesses who are scheduled to testify and for whom an attorney has obtained prior permission from a judge. This order was adopted by the court after internal deliberation and consultation with the U.S. Marshal about security concerns. Mr. Gardner has not explained how the lack of a cell phone inside the courthouse prevents him from accessing the court or otherwise denies any constitutional right. One does not have a constitutional right to possess a cell phone at every place he visits.

Mr. Gardner must present a proper government-issued photograph identification if he returns to the courthouse and wishes to enter the building.  One is available at nominal cost from the Office of Motor Vehicles.  A person who believes he is capable of simultaneously litigating four civil rights suits that seek tens of millions of dollars in damages should be capable of accomplishing the simple and inexpensive task of obtaining proper ID.

Accordingly,

**IT IS RECOMMENDED** that the Motion for Injunctive Relief be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of February, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE