UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HUEY P. GARDNER                                   CIVIL ACTION NO. 12-cv-1917

VERSUS                                                       JUDGE STAGG

CADDO PARISH, ET AL                           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

This is one of *eight* civil actions that self-represented Huey P. Gardner ("Plaintiff") has filed in this court in the last two years. His complaint in this action is that he was incarcerated at Caddo Correctional Center without a warrant from February 11, 2012 to June 14, 2012. He complains that he sent a letter to jail records informing them that he had documentation that implied they had no warrant to justify his continued incarceration, but they did not respond. Similar results were met when Plaintiff wrote the special investigation unit at the jail. He seeks $40,000,000 in compensatory damages and $80,000,000 in punitive damages. The named defendants are the Caddo Parish Sheriff and Caddo Parish Commission. Doc. 22.

The court issued an order (Doc. 36) and advised Plaintiff that it was not necessarily unconstitutional to arrest and jail a person without a warrant if other constitutional requirements are satisfied. The court could not determine from the bare facts in the complaint whether the case merited going forward and serving on the defendants. Plaintiff was directed to file an amended complaint and provide certain information about his charges

and criminal proceedings. He was also directed to obtain a copy of the criminal court minutes associated with the charge and attach them as an exhibit to his complaint.

Plaintiff filed an amended complaint (Doc. 40), an exhibit to which indicates that this action stems from an altercation Plaintiff had with a security officer at the entrance to the Caddo Parish Courthouse. Plaintiff stated that he was charged with battery of a police officer and resisting an officer. He represented that he had requested a copy of the official court record and transcript and would forward the same to this court after receipt, "if plaintiff so chooses to submit same as evidence in his suit."

Plaintiff was not ordered to file a copy of the minutes if he chose to use them as evidence. He was ordered to file a copy of the minutes, and he did not do so. The court, rather than dismissing his suit for failure to comply with the order, obtained a copy of the minutes from the state court and filed them in the record of this action. The minutes show that Plaintiff first appeared in state court in December 2011. The court appointed counsel and set the case for arraignment on January 17, 2012. Minutes from the date of the arraignment show that Petitioner did not appear in court, and there was no answer to the bailiff sounding the courtroom and hall for Petitioner or his bondsman. The court ordered a bench warrant for Petitioner's arrest and set bond at $1,000.

The next minutes are from February 14, 2012, which is three days after Saturday, February 11, 2012, the day Petitioner alleges his incarceration began. Every indication is that the incarceration was the result of the execution of the bench warrant that issued when Petitioner failed to appear for his arraignment. Defense counsel moved for Petitioner to be

released on his own recognizance, but that motion was denied. Plaintiff later moved to represent himself. That request was granted, but a renewed request for release on his own recognizance was denied.

The case went to trial on June 14, 2012, the date Plaintiff alleges his incarceration ended. The minutes show that Petitioner was found guilty as charged and sentenced to serve six months in the parish jail, with credit for time served. An order indicates that the conviction was for battery of a police officer (and grants Plaintiff's request for a copy of the minutes that he did not provide this court). His release on the date of conviction suggests that he earned enough good time or similar credit during his four months of pretrial detention that his six-month sentence was satisfied.

The sole basis for Plaintiff's complaint is that he was detained at the correctional center without a warrant. The state court minutes that he refused to produce to this court despite a direct order to do so show that there was a bench warrant for his arrest that resulted in the incarceration about which he complains. Plaintiff is placed on notice that it is recommended that summary judgment be granted and that his complaint be dismissed unless, within the time for filing objections to this Report and Recommendation, he submits competent summary judgment evidence to support his claim. This Report and Recommendation satisfies the notice and reasonable time to respond required by Federal Rule of Civil Procedure 56(f) when the court considers summary judgment on its own after identifying material facts that may not be genuinely in dispute.

Accordingly,

**IT IS RECOMMENDED** that summary judgment be **granted** and that all claims in Plaintiff's complaint be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of February, 2014.

_____
Mark L. Hornsby
U.S. Magistrate Judge